# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAIME A. ELIAS, an individual,

Plaintiff,

v.

HOMEeEQ SERVICING, et al.,

Defendants.

2:08-CV-1836 JCM (PAL)

Date: N/A
Time: N/A

**ORDER**

Presently before the court is defendants' motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Doc. #5.

Plaintiff Jaime Elias "Elias" obtained an adjustable rate loan through a lender, Equifirst Corporation ("Equifirst"), on or about February 28, 2007. Doc. #5. Defendant Mortgage Electronic Registration Services, Inc. ("MERS") was the nominee beneficiary of the deed of trust. Doc. #6, Exhibit 3. On May 1, 2007, the loan was assigned by Equifirst to defendant Sutton Funding LLC ("Sutton") and defendant HomeEQ Servicing Inc. ("HomeEQ") began servicing the loan on Sutton's behalf. Doc. #6, Exhibit 4, 5.

Elias defaulted on the loan. Doc. #5. Defendant National Default Servicing Corporation ("NDSC") foreclosed on the property on behalf of HomeEQ and Sutton. Doc. #6. On October 7, 2008, the trustee's sale was completed and the loan was satisfied. *Id*. Elias filed a complaint against defendants alleging: (1) wrongful foreclosure; (2) negligence against NDSC; (3) negligence against HomeEQ; and (4) a quiet title action. Doc. #1, Exhibit A.

**James C. Mahan**
**U.S. District Judge**

1       On January 6, 2009, defendants HomeEQ, Sutton and MERS filed the present motion to dismiss. Doc. #5. Elias' response was due by January 24, 2009. No response has been filed.

Nevada LR 7-2 provides in pertinent part that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, failure to file an opposition to a motion to dismiss is not cause for automatic dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995). Before dismissing the action, the district court is required to weigh (1) the public's interest in expeditious resolution; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, those factors weigh toward dismissal. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, the lack of prejudice weigh in favoring of granting the motion to dismiss. Additionally, the motion has merit.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). A 12(b)(6) motion is a test of the complaint's sufficiency in establishing the grounds for relief. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).

Here, Elias' first cause of action, that defendants wrongfully foreclosed on his property because they lacked standing, fails to state a claim upon which relief can be granted. The recorded deeds of trust, notices of foreclosure, and trustee's deed upon sale confirms the standing of HomeEQ, Sutton and MERS to foreclose upon Elias' default. *See* Doc. #6, Exhibits 3-6.

Additionally, Elias' third claim for negligence against HomeEQ also fails to state a claim upon which relief can be granted. Elias claims that HomeEQ had a duty because HomeEQ caused Elias to obtain and process a new variable rate loan. Doc. #1, Exhibit A. Loan servicing companies do not have a special relationship as a fiduciary to a borrower. *See Yerington Ford, Inc. V. Gerard Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1092 (D.Nev. 2004) (no fiduciary duty of a loan servicer to a borrower). Furthermore, HomeEQ had no duty to Elias because HomeEQ did not broker

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  or consummate Elias' loan. Doc. #5. HomeEQ subsequently became the loan servicer months after
2  Elias consummated the loan with the lender, Equifirst. *Id*.

3  Finally, Elias' fourth claim for quiet title is not based on a cognizable legal theory. Elias
4  contends that defendants' actions in wrongfully foreclosing on his property created an adverse claim
5  to the title of the property. Doc. #1, Exhibit A. However, defendants did not wrongfully foreclose
6  on his property. *See* Doc. #6, Exhibits 3-6. Therefore,

7  IT IS ORDERED, ADJUDGED AND DECREED that defendants' motion to dismiss (Doc.
8  #5) is GRANTED. The defendants are to prepare an appropriate judgment, and to submit the same
9  for signature.

10  DATED this 25th day of February, 2009.

*[signature: James C. Mahan]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**